UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:01-CR-78-1-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TERRY CARMICHAEL, | ) | |
| Defendant. | ) | |

By motion [DE-37] filed August 21, 2012, the defendant, Terry Carmichael ("Carmichael") sought relief from his 192-month sentence pursuant to 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(c), the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"); and the retroactive "18 to 1" sentencing guideline amendments, U.S.S.G. App. C, amends. 750, 759. He relies in large part upon his analogy to <u>Dorsey v. United States</u>, 567 U.S. ___, 132 S. Ct. 2321 (2012) (holding that the 2010 Fair Sentencing Act's more lenient penalties apply immediately to defendants sentenced on or after August 3, 2010, regardless of when the conduct occurred), in his argument that the retroactive crack amendments should be incorporated into a reduced sentence, utilizing the more lenient FSA penalties.

Carmichael's argument would be far more persuasive if he were entitled to be re-sentenced under some theory. The Fourth Circuit Court of Appeals' decision in <u>United States v Simmons</u>, 649 F.3d 237 (4th Cir. 2011), does not affect his case. He had incurred qualifying predicate felonies to support career offender status at the time he was sentenced in 2001, and that

status is unaffected by Simmons.[1] As a career offender, Carmichael is barred from receiving the benefit of the retroactive crack amendments. Therefore, he is not entitled to be re-sentenced. Because Carmichael is not entitled to be re-sentenced, the principle announced in Dorsey – that lower FSA penalties are to be applied to all cases *sentenced after* August 3, 2010 – does not come into play. Carmichael will not be sentenced after August 3, 2010.

Under the circumstances now existing, the court concludes that Carmichael is entitled to no relief under the retroactive "18 to 1" crack guidelines, the Fair Sentencing Act of 2010, or the Fourth Circuit Court of Appeals' decision in Simmons. His motion [DE-37] pursuant to 18 U.S.C. § 3582(c)(2) is DENIED. A separate Judgment will be entered.

SO ORDERED.

This, the 2nd day of October, 2012.

JAMES C. FOX
Senior United States District Judge

---

[1] At the time he was sentenced, Carmichael had two or more prior qualifying felonies for which he had been punished by incarceration for a period exceeding one year.